Armstrong v. Armstrong.

19 357
49 514

ARMSTRONG vs. ARMSTRONG and wife.

1. Where a deed was left by the grantor in the hands of a lawyer, with directions to have it recorded at the grantor's expense, and to deliver it to no one but himself, but, contrary to such direction, it was delivered to the grantee, it was ordered to be set aside.

2. A decree cannot be made as to any who are not parties to the suit.

Argued on bill, answer, replication, and proofs.

*Mr. Titsworth*, for complainant.

*Mr. J. Whitehead*, for defendants.

THE CHANCELLOR.

The bill is filed to set aside five several deeds, executed by the complainant, Samuel Armstrong, sen. One was made to the defendant, Elizabeth R. Armstrong, wife of complainant's son, Samuel Armstrong, jun., and the others to the defendant, Samuel Armstrong, jun., and Benjamin L. Coon, as trustees for the four other sons, respectively. It is alleged that those deeds were without consideration, and were not delivered; that they were drawn by William P. Miller, an attorney-at-law, at the request and expense of the complainant, and left with him by the complainant, with directions not to deliver them to any one but himself.

The complaint is that the defendant, Samuel Armstrong, jun., by falsely representing that his father had given him an order for the delivery of the deeds, procured Miller to deliver them to him, and had them recorded.

The bill charges that the complainant left them with Miller, and ordered him not to deliver them to any one but himself. The answer does not deny this, but states that the defendants know nothing concerning it. It alleges that the complainant afterwards urged the defendant to go and get the deeds from Miller, and get them recorded.

Miller testifies that the deeds were executed in his presence by the complainant; that his son, Samuel Armstrong, jun., was present part of the time when they were being executed; that complainant went with him to the commissioner, and there acknowledged the execution; that the complainant left the deeds with him, and told him to have them recorded, and paid him the money for drawing and recording them; that he called at the office a few hours afterwards, or the next morning, and told him not to deliver them to any one but himself; that the defendant called several times for them; the first time, he told him of the

directions of his father, to which the defendant replied, it was all right, that it was better his father should attend to his own business. The defendant afterwards called, and said his father denied having given the instructions mentioned by Miller, and had directed him to get the deeds. At one of these subsequent applications, Miller delivered the deeds to Samuel Armstrong, jun., but without any order or direction of the complainant, so far as appears by the evidence.

The deeds were for the nominal consideration of one dollar each, and no consideration was paid at the time. The object of the complainant in executing them, was to divide his property among his children. It was a voluntary act of his own, perhaps by the influence of the defendant, or by a foolish alarm as to a claim against his son Henry. The execution of the deeds, so far as proceeded in, was the act of the complainant; he employed the scrivener, paid him, and gave him directions. The complainant executed and acknowledged the deeds, and then left them in the hands of his own lawyer and agent, with simple directions to have them recorded at his expense. He did no act by way of delivering them to the defendant or any one for him, nor was anything done which, either at law or in equity, placed them beyond his control. Shortly afterwards, he directed Miller not to deliver them to any one but himself.

When a deed, for which a purchaser has paid, is left with the conveyancer in his presence, with directions to send it to be recorded, the whole transaction shows that this direction is intended as a delivery to the grantee, and it will be held a delivery. But here was no consideration paid, not even the fees for recording. And the fact that the son, when he applied to Miller for the deeds, did not claim them as having been delivered to him, but acquiesced in and submitted to the directions given to Miller, and afterwards came for the deeds, alleging authority and directions from his father, shows that he did not consider them as delivered, but as yet within the control of his father.

As to the deed to the defendant, Elizabeth R. Armstrong,

who, with her husband, are made parties, and are before the court, the complainant is entitled to relief as prayed for in the bill.

The cestuis que trust, for whose benefit the other deeds were made, and who alone are the parties really interested, are not before the court; and a decree as to them cannot be made until they are made parties. Let the cause, as to them, stand over until they are made parties; for which purpose, the cause will stand over until the next term.